## GREENE v. DE LA SALLE COLLEGE

[No. 109, September Term, 1964.]

*Decided December 16, 1964.*

The cause was argued before PRESCOTT, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

Submitted on brief by *Clement Theodore Cooper* and *J. Franklin Bourne* for the appellant.

*Craig S. Rich,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief, for the appellee.

PER CURIAM.

This is an appeal from a judgment entered upon a directed verdict in favor of the defendant.

At approximately 8:00 p. m. on February 2, 1961, Geneva H. Greene, the plaintiff, alighted from a bus in Avondale, Prince George's County, and proceeded on foot toward her place of employment at a nursing home on La Salle Road beyond the grounds of the defendant, De La Salle College. She walked up-

on an unpaved path between a hedge on the property of the college and the curb of La Salle Road. The path, about twenty-four inches from the curb and parallel to the road, was covered with ice and snow from a snowfall the previous day. She proceeded straight up the path and crossed a driveway apron leading to the college, where she fell sustaining personal injuries. The plaintiff testified that she was compelled to take this course of travel inasmuch as the sidewalk on the opposite side of La Salle Road was impassable due to snowdrifts, and the street was unsafe on account of the traffic.

In the plaintiff's amended declaration she alleged that her injuries were incurred when she fell on the property owned by the defendant as the result of the negligence of the college in not maintaining the driveway apron in a safe condition by removing accumulations of snow and ice. However, the only proof regarding the ownership of the property was plaintiff's statement on direct examination: "Then after leaving the bus you walk around the Citizens Bank and there is a La Salle Street there. I walked on the left hand side of the street in a pathway by the hedge that was on the grounds of De La Salle College." Plaintiff's testimony referred only to the hedge as being on the grounds of the college, and looking at this statement most favorably to her, there is no reference to the ownership of the driveway apron upon which the accident occurred. Thus, even assuming without deciding that the defendant owed the plaintiff any duty to maintain the apron in a safe condition (if it owned it) so as to avoid injury to her, the record before us is devoid of any evidence of ownership of the premises upon which the accident occurred, so that the trial court was correct in granting a directed verdict for the defendant.

*Judgment affirmed, with costs.*